## City of Chicago, Defendant in Error, v. Hulda Riemenschnieder, Plaintiff in Error.

### Gen. No. 15,653.

CRIMINAL LAW—*what not breach of peace.* *Held*, under the evidence in this case, that the defendant's conduct, which was induced by the serving of a replevin writ upon her, was not of such a character as to amount to a breach of the peace, and a conviction therefor is reversed.

Writ of error to the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in this court at the October term, 1909. Reversed. Opinion filed April 13, 1911.

DANIEL L. CRUICE and A. S. LANGILLE, for plaintiff in error.

GEORGE H. WHITE, for defendant in error; HENRY M. SELIGMAN, of counsel.

MR. JUSTICE BROWN delivered the opinion of the court.

The plaintiff in error in this cause was convicted before the Municipal Court of Chicago of "making, aiding, countenancing and assisting in making an improper noise, riot, disturbance, breach of the peace, and diversion tending to a breach of the peace," contrary to an ordinance of the city of Chicago, and fined $10 and costs and committed to the House of Correction until the fine was paid.

It is needless to discuss at any length the evidence in this case or the proceedings therein. Complaint is made that the trial judge unjustifiably refused the request of the plaintiff in error to withdraw her waiver of a jury. It is immaterial whether this was an erroneous abuse of discretion or not. There is no evidence in the case warranting a conviction by either judge or jury.

There being a dispute about the ownership (and

apparently the identity) of a dog, which was with Mrs. Riemenschnieder in her own house, a bailiff of the Municipal Court armed, as he claims, with a writ of replevin from that court, which ran against *Mr.* Riemenschnieder, presented himself at the house, accompanied by the man who claimed to own the dog. Mr. Riemenschnieder was absent. Being asked by Mrs. Riemenschnieder to come when Mr. Riemenschnieder was at home and told when that would be, the officer nevertheless forced his way into the house against her will, followed her to the kitchen, and, because she there took the dog by the collar and in some excitement claimed its ownership, rang for a patrol wagon and a city police officer and had her arrested. Then he took the dog away with him. Following this he made a complaint against Mrs. Riemenschnieder under the ordinance referred to, and swore in it that he made the arrest and that at the time of making the arrest he had reasonable grounds to believe the defendant would escape unless arrested, and that he would have been unable to ascertain her name and place of residence if he had not arrested her on view.

The writ of replevin described was not introduced at the trial and no reason given for its non-production. It is claimed with much force that there is therefore no evidence that the complaining witness had any legal process with him when this event took place.

But it is not necessary to place our decision on any technical defect of proof of this kind. The defendant, by the great preponderance of the evidence, is shown to have done nothing it was not natural and almost inevitable a woman in her situation would do.

The ordinance against "disorderly conduct" was not intended and should not be employed for any such use as it was put to in this case.

The judgment is reversed and the defendant discharged.

. . . .                                      *Reversed.*